## WRIGHT v. COLVIN et al.

No. 14318—Opinion Filed Oct. 30, 1923.

(Syllabus.)

**1. Taxation — Validity of Tax Deed— Requisite Recitals.**

Section 9746, Comp. Stat. 1921, relating to a resale of property for delinquent taxes, requires that a tax deed executed by the county treasurer pursuant to such resale contain a summary statement of the acts and proceedings had in the sale of such property, and a failure to substantially comply with the statute in this respect renders such deed void. The statement of legal conclusions as to the acts of the treasurer in the resale of such property instead of stating the facts as to the acts of such treasurer is not a compliance with the statute.

**2. Same—Resale- Statutory Requisites — Time of Advertisement.**

Section 9744, Comp. Stat. 1921, providing: "The treasurer shall give notice of the sale of such real estate by the publication thereof once each week for four consecutive weeks preceding the sale, in some newspaper in the county, and if there be no paper published in the county, he shall give notice by written or printed notice posted on the door of the courthouse or building in which courts are commonly held, or at the usual place of meeting of the county commissioners. Such notice shall contain a description of the real estate to be sold, the name of the last record owner of said real estate as shown by the records in the office of county clerk, the time and place of sale, and a statement of the date on which said real estate was sold to the county for delinquent taxes, or the year or years for which taxes have been assessed and said lands have not been advertised or sold, and that the same has not been redeemed for the period of two (2) years from the date of such sale, and the amount of taxes, costs, penalties and interest accrued on the same, and that such real estate will be sold to the highest bidder for cash; provided, that sales provided for in this act shall be held on the fourth Monday of November of each year in each county." Held, according to the provisions in this section of the statute, the county treasurer is unauthorized to

commence advertising said property for resale until after the expiration of two years from the date said property has first been sold for taxes, and a notice published one week prior to the expiration of said two years is not a substantial compliance with the statute and renders a sale made pursuant to said notice invalid.

### 3. Same — Cancellation of Deed — Affirmance.

Record examined, and held, that the judgment of the trial court canceling said tax deed be affirmed.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by G. H. Colvin and A. G. Liston against Jennie L. Wright to cancel tax deed and to quiet title. Judgment for plaintiffs. Defendant brings error. Affirmed.

L. N. Stivers, for plaintiff in error.

Shannon & Shannon, for defendants in error.

KENNAMER, J. The plaintiffs, G. H. Colvin and A. G. Liston, instituted this action on the 27th day of May, 1922, against Jennie L. Wright, defendant, in the district court of Ottawa county to cancel a tax deed executed by the county treasurer of said county purporting to convey lot 8, section 12, township 28 north, range 24 east, situated in said county. The tax deed sought to be canceled was executed by Joe Wier, treasurer of said county, on the 1st day of December, 1921, pursuant to a resale of said property for the taxes due for the year 1918, said resale having been made on the fourth Monday in November, 1919.

It appears from the allegations in the amended petition that the first publication of the notice of resale was made prior to the expiration of two years of the first delinquent taxes, and that the notice did not include G. H. Colvin, one of the record owners of said property. The amended petition contained numerous allegations as to the validity of the tax deed other than the ones herein mentioned. The plaintiffs tendered by proper allegation in their petition the taxes, penalty, interest, and cost due upon said property, and prayed the judgment of the court canceling said deed, and that their title be quieted.

The defendant, Jennie L. Wright, filed a general demurrer to the amended petition, which was by the trial court overruled, and the defendant declining to plead further, judgment was entered for the plaintiffs in accordance with the prayer of their petition. This appeal is prosecuted by the defendant to reverse the judgment of the trial court.

While our attention has not been directed specifically to any particular assignment of error, yet it appears from the brief filed in support of the petition in error that counsel for the defendant contends that the amended petition filed by the plaintiffs having contained no allegation attacking the validity of the tax deed upon any of the grounds provided for in section 9750, Comp. Stat. 1921, the demurrer should have been sustained. With this contention we cannot agree, as said section of the statute only makes a tax deed properly executed presumptive evidence in all of the courts of the state in any action involving the rights of the grantee in such deed of the following facts:

First. "That the real property deeded was subject to taxation for the year or years stated in the deed."

Second. "That the taxes were not paid at any time before the sale."

Third. "That the real property deeded had not been redeemed from sale at the date of the deed."

Fourth. "That the property had been listed and assessed."

Fifth. "That the taxes were levied according to the law."

Sixth. "That the property was sold for taxes, as stated in the deed, and was duly advertised before being sold, and to defeat the deed it must be clearly pleaded and clearly proven that some one of the above-named six requisites was wholly omitted and not done and a showing that any one or all of them was irregularly done will not be sufficient to defeat the deed."

This section of the statute must be construed together with the other sections of the statutes applicable to tax deeds on resale.

Section 9746, Comp. Stat. 1921, relating to a tax resale, in part requires that a tax deed must contain a summary statement of the acts and proceedings had in the sale of property for taxes, and a failure to substantially comply with the statute in this respect renders such deed void.

This court, in the case of Pierce v. Barrett, 93 Okla. —, 220 Pac. 652, in the first three paragraphs of the syllabus, held:

"Among the several duties imposed on the county treasurer by section 9746, Comp. Laws of 1921, relating to a tax resale by the county, is the requirement that the tax deed show a statement of the acts and pro-

ceedings had in making the sale and resale of the property.

"The deed must set forth acts and proceedings in connection with the tax sale and resale from which the court may determine that all legal requirements have been satisfied, in order to constitute a valid tax deed upon its face. It is the duty of the officer making the sale and resale of the property for taxes to set forth the acts and proceedings had in connection with the sale and for the court to determine the legal sufficiency thereof.

"A legal conclusion in a deed by the officer executing the instrument, in lieu of a statement of the facts purporting to show the doing of a prerequisite act to a valid sale and resale of real estate for taxes, renders the deed void upon its face."

This court in the case of Sitton v. Hernstadt, No. 3803, consolidated with Diffie v. Hernstadt, No. 3846, consolidated No. 14199, filed July 31, 1923 (not yet officially reported), in the first paragraph of the syllabus, held:

"A resale tax deed which shows upon its face that the notice provided in section 9744, Comp. Stat. 1921, was published for less than four consecutive weeks before the date of such resale is void."

Applying the rules announced in these cases, it is apparent that the tax deed in question is void for the reason said deed fails to give a summary of the proceedings had on the resale of said property as required by section 9746 of the statute, supra. Said deed in part recites that the property, having remained unredeemed for a period of two years, "was duly and legally advertised for separate sale at resale." This is merely a legal conclusion.

Section 9744, Comp. Stat. 1921, requires the treasurer to give notice of such resale by publication thereof once each week for four consecutive weeks preceding the sale in some newspaper in the county, and in the event there is no such paper, by written or printed notice posted on the door of the courthouse, and provides what the notice shall contain.

The tax deed on which the defendant predicated her title wholly fails to comply in a substantial way with the applicable statutory provisions, and the publication of the notice having been commenced prior to the expiration of two years from the date of the delinquency of the taxes, is not merely an irregularity, but is a substantial variation in the statutory procedure, for the reason a delinquent taxpayer is entitled to full four weeks' time in which to pay the taxes and redeem his land and prevent the issuance of a tax deed thereto.

We, therefore, conclude that the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, C. J., and KANE, BRANSON, and HARRISON, JJ., concur.