## GOING, Co. Treas., v. GREEN.

No. 13428—Opinion Filed Sept. 30, 1924.

**1. Quieting Title—Issues and Proof—Title of Plaintiff.**

The plaintiff in an action to quiet title to land must allege and prove that he is the owner of either the legal title or a complete equitable title.

**2. Taxation — Invalidity of Tax Deed— Lack of Necessary Recitals.**

Section 9746, Compiled Statutes 1921, relating to a resale of property for delinquent taxes, requires that a tax deed executed by the county treasurer pursuant to such resale, shall contain a summary statement of the matters and proceedings had in the sale of such property, and a failure to substantially comply with the statute in this respect renders such deed void.

**3. Same.**

The statement of legal conclusions as to the acts of the treasurer in the resale of such property, instead of stating the facts as to the acts of such treasurer, is not a compliance with the statute.

**4. Quieting Title — Action Based on Void Tax Deed.**

A tax deed void on its face vests in the plaintiff no interest in the title to the land therein described, and, as plaintiff must prevail on the strength of his own title, a judgment clearing his title thereto is void.

**5. Same—Disposition of Case.**

Record examined, and held, that the judgment of the trial court ordering cancellation of taxes previously assessed be reversed.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Payne County; C. C. Smith, Judge.

Action by Ida F. Green for mandamus against W. E. Going, as County Treasurer of Payne County. Writ allowed, and defendant appeals. Reversed.

J. W. Reece, for plaintiff in error.

John P. Hickam, for defendant in error.

Opinion by ESTES, C. Ida F. Green brought this action for mandamus against W. E. Going, as county treasurer of Payne county, to compel him to cancel certain taxes of record for the years 1917 and 1918, assessed against lot 1, block 14, original town

of Cushing in Payne county. She alleged that she was the owner and in possession of said lot under a deed of conveyance from one John Messick; that on November 25, 1919, said Messick acquired title from the county treasurer by resale tax deed; that said lot was bid off by the county on November 5, 1917, for delinquent taxes. She claimed that the taxes for 1917 and 1918, accruing during the two-year period when said real estate was held by the county, were a cloud upon her title, under sections 9745 and 9746, Comp. Stats. 1921, providing that said deed should expressly cancel all taxes, etc., previously assessed or existing against said lot, and that defendant treasurer refused to cancel same of record. The action was, in effect, to quiet title. The answer of the county treasurer was a general denial.

1. As held in Clark v. Duncanson, 79 Okla. 180, 192 Pac. 806, in order to quiet title, it was necessary for the plaintiff to allege and prove that she was the owner of either the legal or complete equitable title. The said Messick resale tax deed, introduced by plaintiff, was presumptive evidence of six certain facts under section 9650, supra, if said deed was properly executed.

2—3. Under the said last named statute, said Messick deed should have contained a summary statement of the matters of such proceedings of such resale. Referring to the sale whereby said lot was bid off by the county treasurer on November 5, 1917, said Messick deed recited simply that said lot "had been legally advertised for sale for said taxes." This was a mere conclusion and not a substantial compliance with said statute. It was not a statement of fact purporting to show the doing of a prerequisite act to a valid sale and resale of the lot, and rendered said deed void on its face. Wright v. Colvin et al., 96 Okla. 15, 219 Pac. 919, and other recent decisions of this court. Said deed also recites that said lot was sold on November 25, 1919, to Messick. Section 9744, statutes, supra, provides that notice shall be published once every week for four consecutive weeks preceding the sale. The Wright Case holds that a resale tax deed which shows upon its face that such notice was published for less than four consecutive weeks before date of resale is void. Since the resale to Messick was November 25, 1919, said lot could not have remained unredeemed for two years before the first publication of notice, since it is required that said notice be published for four weeks preceding the sale. The Messick deed, therefore, shows on its face that either the sale was made before the completion of the four

weeks' publication, or that the first publication was made before the expiration of two years, and for this reason, also, said deed was void.

4—5. In Spalding v. Hill, 47 Okla. 621, 149 Pac. 1133, it is held:

"A tax deed void on its face vests in plaintiff no interest in the title to the land therein described, and, as plaintiff must prevail on the strength of his own title, a judgment clearing his title thereto is void,"

The voidness of the Messick deed was urged in the trial court. Defendant did, however, demur to the evidence. Since the judgment of the trial court was void, same should be and is reversed.

By the 'Court: It is so ordered.