### SHARUM v. FOSTER.

No. 14472—Opinion Filed April 7, 1925.

**1. Taxation—Tax Sales — Premature Publication of Notice.**

Where the county treasurer of any county shall begin publication of notice of resale of land before the expiration of two years from the time it was purchased by the county at a delinquent tax sale, such publication is premature and will not support the sale of said land or a deed executed to a purchaser at such sale.

**2. Same—Invalidity of Sale.**

Where the first notice of resale of land, purchased by the county for delinquent taxes, was published on the 3rd day of November, setting the date of the resale for the 28th day of November, it is not in compliance with the statute, which requires that publications shall be made for four full weeks before the sale, and a sale made under such notice is void and will not support a deed executed by the treasurer to the purchaser at such resale.

**3. Same — Sale Not on Date Specified in Notice.**

Where a tax deed, executed by the treasurer to the purchaser at resale, shows that the resale was made by the county treasurer on the 5th day of December, 1921, when the notice of such resale fixed the date of sale was the 28th day of November, 1921, and where there is no affirmative recital that said resale was continued from day to day from the said 28th day of November, such resale was unlawful and the tax deed, issued thereunder to the purchaser at such resale, is void.

**4. Same—Invalidity of Deed.**

A tax deed which shows upon its face that it is based upon a sale of land for delinquent taxes, at a time not authorized by statute, is a nullity.

**5. Same—Void Tax Deed—Right of Landowner to Redeem from Sales for Former Taxes.**

Under the provisions of section 9719, Comp. Stat. 1921, the execution and delivery by the county treasurer of a resale tax deed void upon its face does not operate to prevent the owner of the land from redeeming said land from annual sales for delinquent taxes assessed against it for previous years.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

Action by W. A. Foster against A. H. Sharum. Judgment for plaintiff. Defendant brings error. Affirmed.

Bonds & Brown, for plaintiff in error.

W. F. Rampendahl, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Muskogee county, Okla., by W. A. Foster, defendant in error, plaintiff below, against A. H. Sharum and Fred N. Hamilton, county treasurer of Muskogee county, and dismissed as to Fred N. Hamilton, county treasurer, and proceeded to trial against A. H. Sharum, plaintiff in error, defendant below, to set aside a resale tax deed and for cancellation of the same and remove the same as a cloud upon the title of plaintiff, and to enjoin the plaintiff in error or any one claiming by, through, or under him from asserting title or any interest therein, and for costs.

The parties will be referred to as plaintiff and defendant as they appeared in the lower court.

The petition, in substance, alleges that plaintiff was the owner of and in possession of the east 18.69 acres of lot 1, section 6, township 15 north, range 19 east; that he purchased the same from Samuel Gray, a Creek freedman citizen, on the 15th day of September, 1920, the lands being the allotment of the said Samuel Gray; that the defendant, A. H. Sharum, claimed the land by virtue of a resale tax deed issued by the county treasurer and the county clerk of Muskogee county, on the 5th day of December, 1921; that the deed was void for the following reasons: That the deed does not set out specifically the price, penalty, and costs of each tract of land separately; that for the delinquent tax of 1918, the sale was held on November 10, at which the county became the purchaser; that the resale was had on the 5th day of December, 1921, which sale was advertised to be made on November 28, 1921, and that the first publication was November 3, 1921, less than two years between the date of the sale to the county and the beginning of the resale, and that said notice was not given for four consecutive weeks, the first publication being on the 3rd day of November and the fourth publication being on the 24th day of November, 1921; that the notice published did not give correctly the name of the last record owner of the land; that the notice gave Samuel Gray as record owner when, in truth and in fact, W. A. Foster was the record owner, the deed of Gray to Foster being of record in the county clerk's office in Muskogee county, Okla.; that when the land was sold for taxes for 1918 and 1919, Samuel Gray was a minor and, not-

withstanding his minority, the land was sold for delinquent taxes, penalties, and costs and that penalties cannot be charged against a minor; that the treasurer failed to file in the office of the county clerk within ten days a return of sale; that the county treasurer did not execute the deed to A. H. Sharum within ten days after the resale; that plaintiff had tendered to the county treasurer, before filing this action, the sum of $99.13, the amount of all the taxes, penalties, and costs, assessed against the land, which tender was refused by the county treasurer, a copy of the resale tax deed was attached to the petition.

The defendant, Sharum, filed his answer by way of general denial, and further answered, claiming that he was the owner of the land in controversy and admitting having the resale tax deed, a copy of which was attached to plaintiff's petition, and claiming the land by virtue thereof, and denied the reasons given by plaintiff for setting aside said deed and alleged that Samuel Gray was a minor and that the allegation against the excess penalty was personal to Samuel Gray and not a right accruing to plaintiff, and prayed that plaintiff take nothing by virtue of his action.

Plaintiff filed his reply by way of general denial of all new matter set up in defendant's answer.

The cause was tried to the court upon these issues and, at the close of all the testimony in the case, the court found in favor of the plaintiff upon all propositions set forth in the plaintiff's petition and, after requiring that plaintiff should pay $99.13 taxes and penalties, rendered judgment in favor of the plaintiff and against the defendant.

Motion for new trial was filed, heard, and overruled, and exceptions reserved, and the cause comes regularly upon appeal by the defendant from said judgment.

The attorneys for defendant in their brief set up six assignments of error, but content themselves in arguing the same under the one proposition as follows:

"There is little controversy over the facts in this case. The main controversy being over the conclusions of law reached by the trial court. While we do not intend to waive any assignment of error we will discuss the general proposition that the court erred in holding the resale tax deed, dated December 5, 1921, held by Mr. A. H. Sharum, is void."

The record evidence in this case shows that the land in controversy belonged to Samuel Gray, a Creek freedman allottee; that he arrived at his majority on the 13th day of September, 1920; that he conveyed the land to plaintiff Foster by deed on the 15th day of September, 1920, and executed another deed on January 17, 1921, and placed both deeds of record immediately after their execution; that, on the 10th day of November, 1919, Muskogee county, through its treasurer, bought the land at tax sale for delinquent taxes; that, on the 3rd day of November, 1921, the county treasurer advertised said land for resale for taxes and published the same on the third, tenth, seventeenth, and twenty-fourth of November, the sale to take place on the 28th day of November, 1921, or 25 days after the first publication, said publication giving the name of the allottee, Samuel Gray, as the holder of the record title; that the tax deed was issued to Sharum, on the 27th day of February, 1922, and recorded on the 2nd day of March, 1922, and this action was filed in June, 1922, and, in the face of said deed is the recital that the sale was made to Sharum by the county treasurer on the 5th day of December, 1921; that the amount paid by Sharum was the sum of $60, being the amount of the delinquent taxes; that, at the time this action was brought, there was due the sum of $99.13 delinquent taxes, which was tendered, before the filing of the action, to the county treasurer and was refused by him; that the plaintiff, through his attorney, offered to pay the defendant the sum of $100 for a quitclaim deed, which offer was refused by defendant.

Upon the record testimony in this case, there seems to be at least three propositions that are fatal to the contention of counsel for defendant, first, that two full years had not expired from the date the county purchased the land for delinquent taxes before the county treasurer commenced his advertisement for the resale of the land, which is required by section 9743, Comp. St. 1921, which is as follows:

"Whenever the county treasurer of any county shall bid off any real estate in the name of his county, he shall make a note of such bid and purchase upon his sales record, and if any real estate so purchased by the county shall remain unredeemed for a period of two years from date of sale, and no person shall offer to purchase the same for the taxes, penalty and costs due thereon, the county treasurer shall proceed to advertise and sell such real estate at public auction, as herein provided."

The record shows the date of purchase by the county to have been November 10, 1919, and the first date of publication of

the notice of resale to have been November 3, 1921, seven days less than two years, required by the statute before the first publication could have been legally made by the county treasurer for the resale, and we must, therefore, hold that the publication was prematurely made.

In the recent case of Going, County Treas,. v. Green, 103 Okla. 93, 229 Pac. 521, this court said:

"The Messick deed, therefore, shows on its face that either the sale was made before the completion of the four weeks' publication, or that the first publication was made before the expiration of the two years, and for this reason also, said deed was void."

Second, that the four full weeks had not elapsed, as required by the statute. from the date of the first publication on the 3rd day of November, 1921, to the 28th day of November, 1921, the date set for the sale, in the notice and the date fixed by the statute.

In the instant case the publication notice and the deed show that both conditions, which rendered the deed in the above case void, are present in this case and, therefore, the deed in the present case must be he'd to be void.

Third, the tax deed shows that the sale was made by the treasurer of Muskogee county to Sharum on the 5th day of December, 1921, which was a day different from the one set in the notice and the date fixed by the statute, and no recital is contained in the deed, showing that the sale was continued from the 28th day of November, the date set in the publication, from day to day until the 5th day of December, 1921, the date of the sale.

Sec. 9744, Comp. St. 1921, among other things, says, in a proviso:

"Provided, that sales provided for in this act shall be held on the fourth Monday of November of each year in each county."

It has been held by this court that, if the sale cannot be completed on the day advertised, the treasurer may continue the same over from day to day until the sale of all lands advertised is completed, but that it must show affirmatively in the deed that such a continuance was had.

In the case of Gulager et al. v. Coon, 93 Okla. 62, 218 Pac. 701, it appears that a sale was made on December 2, 1919, and the provision of the statute, above quoted, was construed in that case, the court saying, in the body of the opinion:

"This court has repeatedly held that a tax deed. which shows on its face. that a

tax sale was made at a time other than provided by statute, is void"—Citing a long list of cases from this court.

In that case where the landowner made a tender to the treasurer of the delinquent taxes, assessed against it for previous years, as was done by the landowner in this case, after the resale and execution of the tax deed by the treasurer, it did not operate to prevent the owner of the land from redeeming said land from the sale for delinquent taxes, where said resale and tax deed were void.

From the entire record in this case, it is very clear, in our opinion, that the resale by the treasurer of Muskogee county of the lands in controversy here was absolutely void and no rights could accrue to the purchaser thereunder under a deed executed by the treasurer to him under such void sale, and, as was held in the case of Gulager et al. v. Coon, supra, the statute of limitation cannot run in favor of the holder of such a deed. The principles, above set forth in this opinion, are in full accord with the case of Wright v. Colvin et al., 96 Okla. 15, 219 Pac. 919.

We are, therefore, of the opinion that the judgment of the trial court should be and is hereby, in all things, affirmed.

By the Court: It is so ordered.