## MICHIE v. HAAS.

No. 17935. Opinion Filed Jan. 24, 1928.

Rehearing Denied Dec. 24, 1928.

Arden E. Ross, for plaintiff in error.

E. M. Conner and E. Jacobs, for defendant in error.

RILEY, J. This action was brought by plaintiff in error, W. T. Michie, on December 8, 1925, against Evelyn Haas to quiet title to lots 35 and 36, block 5, Rosemont Height addition to the city of Tulsa, Okla.

The plaintiff was the owner of said real estate and obtained her title through conveyances from the original allottee of the Creek Nation and various mesne conveyances thereafter, the last of which vested title in plaintiff on April 9, 1912.

The cloud upon plaintiff's title was caused by a tax deed executed by the county treasurer of Tulsa county on December 6, 1922, in pursuance of a resale tax sale made of said lots on November 27, 1922.

The outstanding resale tax deed held by the defendant, Evelyn Haas, shows on its face that said lots were sold at public auction on November 11, 1920, for taxes levied thereon for the year 1919; the land being liable for taxes and the taxes being duly assessed and the lots having been advertised for sale for said taxes and no bidder offering the amount due thereon, the same was bid in by the county treasurer on said date in the name of Tulsa county for the amount due on each parcel—"lot 35 * * * tax $6.42, for $40; lot 36 * * * tax $6.42, for $47; and the said lots not having been redeemed within two years from date of said sale, the said property was again offered for sale by said county treasurer at resale on the 27th day of November, 1922, after being "duly and legally advertised for sale at resale for said taxes, costs, penalties, and interest accrued on same, * * * and sold to Evelyn Haas, the highest and best bidder," etc.

The judgment of the trial court was for defendant, holding that the resale deed was valid on its face and that the plaintiff is barred by the statute of limitation.

Section 9753, C. O. S. 1921, barred the action unless the resale tax deed is void on its face. See, also, section 6, ch. 158 Session Laws 1923, providing:

"* * *And twelve months after said deed shall have been filed for record in the county clerk's office, no action shall be commenced to void or set aside said deed." Callender v. Brickner, 97 Okla. 37, 222 Pac. 531.

It is agreed that, according to the ruling of this court, the provisions in section 9744, C. O. S. 1921, requiring that notice of resale shall be given by the county treasurer once each week for four consecutive weeks preceding the sale, means 28 days, and is computed by excluding the first day of publication and including the day of sale.

It is heretofore set out that the deed in question recited as to the real estate "the same was duly and legally advertised." Note the rule in Treese v. Ferguson, 120 Okla. 235. 251 Pac. 91:

"A resale tax deed, reciting as to notice of sale of the lands, the conclusion 'the same were duly and legally advertised for sale at resale for the taxes,' etc., is not void on its face because of failure to recite also the doing of prerequisite acts constituting such notice. Such deed, thus containing in substance what section 9750, C. O. S. 1921, requires as to notice, is presumptive evidence in all the courts of this state that all acts and proceedings as to the notice were duly performed by the proper officers. * * *"

Thus the aforementioned recital in the deed would be presumptive evidence that notice was given for 28 days prior to sale. Likewise it appears from an examination of the deed that the publication of notice of resale was commenced prior to the expiration of the two-year redemption period. and the sole question remaining as to validity on the face of the deed is whether, under

the statutes then in force, such fact is sufficient to render the deed void.

The statutes in force at the date of sale read as follows:

Section 9732, C. O. S. 1921:

"Time and Place of Sale. On the first Monday in November in each year* * *the treasurer shall offer at public sale* * *all lands, town lots or other real property which shall be liable for taxes of any description for the preceding year, or years, and which shall remain due and unpaid."

Section 9740, C. O. S. 1921:

"The county treasurer is hereby authorized at all tax sales made under the laws of this state, in case there are no other bidders offering the amount due, to bid off all or any real estate offered at said sale for the amount of taxes, penalty, interest and costs due and unpaid thereon, in the name of the county in which the sale takes place, the said county acquiring all the rights, both legal and equitable, that any other purchaser could acquire by reason of said purchase."

Section 9743, C. O. S. 1921:

"Record of Purchase by County—Resale. Whenever the county treasurer of any county shall bid off any real estate in the name of his county, he shall make a note of such bid and purchase upon his sales record and if any real estate so purchased by the county shall remain unredeemed for a period of two years from date of sale, and no person shall offer to purchase same for the taxes, penalty and costs due thereon, the county treasurer shall proceed to advertise and sell such real estate at public auction as herein provided."

Section 9744, C. O. S. 1921:

"Notice of Sale. The treasurer shall give notices of the sale of such real estate by the publication thereof once each week for four consecutive weeks preceding the sale, * * * provided, that sales provided for in this act shall be held on the fourth Monday of November of each year in each county."

And in this connection it is worthy of note that the Legislature seems to have gone as far as it can in its sphere of the triune division of governmental powers to establish a stability of tax deeds, for, in addition to providing the "form" statute, section 9752, C. O. S. 1921, and the "presumptive evidence" statute, section 9750, C. O. S. 1921, it provided a "liberal construction" statute, by enacting section 9751, C. O. S. 1921:

"* * *The rule that tax proceedings are to be strictly construed as against the tax purchaser shall not apply to proceedings under this act (article), but in all courts its provisions shall be liberally construed, to the end that its provisions, and all proceedings thereunder shall be sustained."

Appellant contends that the advertisement should not commence to run until after the expiration of two years from the date of original sale of the property.

We observe from the statutes cited that the sale must commence "on the first Monday in November," and the resale must commence on the fourth Monday in November. It is also provided that when the real estate is bid in by the county and it "shall remain unredeemed for a period of two years from date of sale, * * *the county treasurer shall proceed to advertise and sell such real estate at public auction as herein provided," clearly contemplating that the basic step for the resale should be the stay period of two years before the resale, for otherwise at least the resale would necessarily involve a three-year period of redemption instead of the two as provided by statute, for the statute commands that the sale shall be held the first Monday in November. Moreover the provision is "to advertise and sell * * *as herein provided," and immediately thereafter it is provided that, amongst other things, the advertisement shall state that "the same has not been redeemed for the period of two years."

From a consideration of the above-mentioned statutes, and construing them in pari materia, there is but one reasonable construction which impresses itself upon us and that is that the notice of resale may begin to run before the two-year redemption period expires, as it is obvious that advertisement could not be made "once a week for four consecutive weeks" between the first and fourth Monday in November. Such is the construction placed upon these statutes in Cochran v. Sullivan, 94 Okla. 23, 220 Pac. 870:

"Where property was 'bid in' by the county treasurer for taxes on the 10th day of November, 1917, and was unredeemed, and was sold on November 24th, 1919, under the Resale Act, a notice by advertisement of such resale, published from October 27, 1919, to November 19, 1919, is a substantial compliance with the provisions of the act; the actual resale held on the day designated by the statute, and the actual sale having been held more than two years after the property was bid in by the county."

But appellant contends that the record owner of real estate so sold for taxes is under the statute, entitled to two years and 28 days time to redeem his property; i. e., two years' redemption period and 28 days advertising period, thereafter. The govern-

ing statute is section 9741, C. O. S. 1921, providing the record owner or anyone having any legal or equitable interest in the real estate shall "have the right to do so (redeem) at any time before such real estate is conveyed by deed to a purchaser upon a resale of such property as herein provided.* * *"

The redemption period is therefore two years and such additional time as intervenes prior to the issuance of the deed.

Thus we have expressed our holding. It may be well to devote some space in an attempt to clear the conflict of cases. Cases supporting the contrary view are: Going, County Treasurer, v. Green, 103 Okla. 93, 229 Pac. 521; Cook v. Vincent, 111 Okla. 95. 238 Pac. 471; Sharum v. Foster, 109 Okla 218 Pac. 488; Wright v. Colvin, 96 Okla. 15, 219 Pac. 923; Sitton v. Hernstadt, 106 Okla. 140, 233 Pac. 676. These cases followed the rule in Pierce v. Barrett. 93 Okla. 283, 220 Pac. 652, which was specifically overruled in Treese v. Ferguson, 251 Pac. 91, 120 Okla. 235, if indeed they themselves were not overruled by the holding therein, in reference to the contrary rule: "These cases and all others in this jurisdiction in conflict herewith are hereby expressly overruled."

—down to Treese v. Ferguson, supra, delivered in October, 1925, as recited therein.

"It had become proverbial, that a tax title was no title at all, and sale for taxes was as near a mockery as any proceedings having the appearance of legal sanction could be. The principal cause was the difficulty in proving the various steps essential to the validity of such a sale." (Quoted from O'Grady v. Barnhisel, 23 Cal. 287).

The primary object seemed to have been lost to the sight of the courts, that being that the object of tax sales was to support the government by enforcing the payment of taxes and that the resale was merely a delayed action for the benefit of the taxpayer as well as the state wherein the agency of the state bought the thing, when the owner defaulted and others failed to buy at the sale, and held the property for a period of two years for redemption, then to sell again for two purposes: (1) To secure what value possible for the property, as in foreclosure, and (2) to replace the property where it will again bear its proportionate share of governmental cost as property to be taxed.

The judgment below is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, and HEFNER, JJ., concur, CLARK, J., dissents, HARRISON, J., absent.