**WILSON v. LEVY et al.**

No. 19550.    Opinion Filed Oct. 22, 1929.

Rehearing Denied Dec. 10, 1929.

E. G. Wilson and R. C. Searcy, for plaintiff in error.

Geo. A. Henshaw, A. C. Hough, C. B. Holtzendorff, and P. W. Holtzendorff, for defendants in error.

LEACH, C. This action was commenced in the district court of Rogers county on February 24, 1926, by E. G. Wilson, against Leon Levy, J. I. Henshaw, and W. T. Jackson, defendants.

The plaintiff alleged in his petition that he was the owner in fee simple of a tract of land, 35 acres, describing it, located in said county; that he acquired his title thereto in April, 1918; that the defendants claimed title to the land by virtue of a purported resale tax deed dated December 6, 1921, and recorded in the same year, and alleged that the tax deed was void for various reasons, some of which are argued and pre-

sented by plaintiff under his petition in error and are later discussed herein; further pleaded that, at the time of the alleged sale and ever since, he had been in possession of the real estate, and that defendants were barred and estopped from claiming or asserting any right under the tax deed, and prayed that it be canceled and the defendants enjoined from asserting any right or title to the land.

No service of summons was had on the defendant Levy, and no appearance was made in the cause by him. The defendant Henshaw filed his answer generally denying the allegations of plaintiff's petition, and admitted the execution of the tax deed referred to and set out in plaintiff's petition; alleged that he acquired title to the described land under deed dated October 26, 1925, from the grantee named in the resale tax deed: that he and his grantor had been in possession of the property since January, 1922; that he had paid delinquent taxes thereon in the sum of $200, and further alleged that the resale deed was valid; and pleaded as a bar to plaintiff's right of recovery the statute of limitations.

The plaintiff filed a reply in the nature of a general denial.

On the issues so made the action was tried to the court, who held that the plaintiff had wholly failed to sustain his allegations, and was not entitled to any relief, and rendered judgment for the defendant Henshaw, from which judgment the plaintiff brings this appeal and presents the alleged error set forth in his petition in error under the following propositions:

"The deed involved in this action is void on its face for the following reasons: That the sale of the land was not made on the fourth Monday of November, 1921, as the statute then in force required, and it does not appear from the deed that any adjournment of the tax sale was made, and the resale statute then in force did not provide for an adjournment."

In support of the first proposition, the plaintiff cites Sires v. Parriott, 106 Okla. 244, 233 Pac. 748; Sharum v. Foster, 109 Okla. 218, 235 Pac. 489, Ledegar v. Bockoven, Co. Treas., 77 Okla. 58, 185 Pac. 1097; Smith v. Bostaph, 103 Okla. 258, 229 Pac. 1039, and other cases of similar import from this court, all of which hold, in substance, that a resale tax deed must set forth the acts and proceedings in connection with the tax sale and resale so that the court may determine that all legal requirements had been satisfied in order to constitute a valid tax deed upon its face.

The decisions cited and relied upon in support of the proposition were rendered prior to the opinion in the case of Treese v. Ferguson, 120 Okla. 235, 251 Pac. 91, which case specifically overruled former cases, similar to those above referred to, which held that a resale tax deed, in order to be valid on its face, must contain in detail the various steps leading up to and taken at the sale.

In the case of Ledegar v. Bockoven, supra, which involved a statute very similar to the one in force at the time of the resale here involved, it was held that if a tax resale was commenced at the time required by law, then it might be continued from day to day until the sale was completed.

In the Sires v. Parriott Case, supra, the deed there involved showed the land was sold on the 29th, while the date fixed by the law for the beginning of the sale was November 24th, and the deed did not show that the sale was begun on the 24th, or any adjournment of the sale, and such defect with others was held sufficient to avoid the deed.

Likewise, in the case of Gulager v. Coon, 93 Okla. 62, 218 Pac. 701, the tax deed there involved was held invalid because it failed to show all the steps taken by the tax authorities leading up to the sale, and one of such defects in the deed was that it failed to show the sale was commenced on the day fixed by statute and continued from day to day. It will be observed that in the last two cases above referred to, and in Sharum v. Foster, supra, the deed did not show the sale to have been commenced on the date fixed by statute.

In the instant case, the deed does show that the sale was commenced on the 28th of November, as provided by the statute, and while it does not specifically recite that the sale was continued from the 28th to the 29th, yet we think it sufficient to raise the presumption that a continuance of the sale was had from the 28th to the 29th, on which latter day the particular tract here involved was sold. The resale deed covers 30 different tracts or parcels of land which show to have been sold at the resale on the 28th, 29th, and 30th days of November. Under the holding in Treese v. Ferguson, supra, the presumption would be in favor of the validity of the deed and regularity of the sale, rather than a strict construction against the validity as was the rule under the earlier cases.

At the time of the sale and issuance of the resale deed here involved, there was no

prescribed form of resale deed, and it was held in Cochran v. Sullivan, 94 Okla. 23, 220 Pac. 870, that resale tax deed should so far as possible conform to the form prescribed by section 7418, Rev. Laws 1910 (9752, C. O. S. 1921), which form of deed did not recite the hour of sale, and therefore the deed here in question was not required to show the hour of the sale in order to be valid, as is suggested by plaintiff.

It was not until the 1923 amendment to the resale law that the form prescribed by the State Examiner and Inspector required the hour of sale to be shown in the deed. The resale deed here involved does not appear to be void on its face on the ground presented under plaintiff's first proposition.

It is next contended that the deed is void because it shows the resale was held within less than two years of the last and previous sale of the property for delinquent taxes. This contention is without merit. The deed shows the particular tract of land in question to have been sold for delinquent taxes in the years 1914, 1918, and 1920, and the amount for which it was sold in each year. The sales for delinquent taxes in the years 1914 and 1918 were sufficient to justify and sustain the resale, and the fact that a sale had been had of the property in 1920 would not affect the resale in 1921. It is said in the syllabus of Wolfe v. Brooke, 133 Okla. 128, 271 Pac. 669:

"A resale tax deed based upon delinquent taxes for two separate years, the land not being taxable for one year, but taxable for the other, is not void upon its face."

It is next contended that the deed in question is void because it shows that the property involved was listed in three separate tracts and does not show each tract to have been sold separately. We are unable to agree with the statement of the plaintiff that the deed shows the property involved to have been listed in three separate tracts. The deed and record, as we view it, shows that the tract of land here involved is all a part of a one quarter section of land, is one continuous tract owned by the same individual, and was sold as one tract separate from other tracts described in the deed but not here involved. Nowhere does it appear in the deed that the tract was assessed separately. Neither the plaintiff nor the defendant introduced in evidence any of the records of Rogers county pertaining to the assessment, levy, or sale of the land involved. We are unable to find wherein the deed or the record supports the statement of plaintiff.

It is next contended that since the tax deed was void on its face, the statute of limitations pleaded by the defendants had no application. If the deed had been void on its face, then, of course, under the various decisions of this court, the statute of limitations would have no application, but we are unable to agree with plaintiff's contention that the deed is void on its face.

It is next contended that the deed is void because no notice was given to the owner or person in possession of the land as required by section 9745, C. O. S. 1921. From an examination of the statute referred to, we fail to find wherein such notice is required. The notice referred to and quoted by plaintiff has reference to a sale by the county treasurer of land purchased by the county at a resale, and has no application to a deed of the character here involved.

It is next contended that, the defendants having failed to obtain possession of the property involved, or to commence an action on their tax deed within one year from the recording thereof, they are barred by the statute of limitations, section 9753, C. O. S. 1921. The only evidence introduced by either the plaintiff or defendant other than the deeds under which they claimed title was the testimony of certain witnesses relating to the renting and occupancy of the tract of land involved. Apparently, the plaintiff, or those through whom he claimed title, were in possession through tenant or collected some rents on the property subsequent to the issuance of the tax deed, but it also appears that the defendant Henshaw had a renter on the land for the years 1926 and 1927, and possibly collected the rents for the year 1925. The trial court made no specific finding on the question of who was in possession of the property, but from the judgment rendered apparently found generally in favor of the defendant.

Under the record presented, we are unable to see wherein the defendant is barred by the statute of limitation, or that he is estopped from asserting the validity of the tax deed, or from pleading the statute in support of the deed.

It is next contended that the deed from the defendant Leon Levy, who was the grantee in the resale deed, to the defendant Henshaw, was void because of section 1679, C. O. S. 1921, which provides that any person who buys or sells any title to lands, unless the grantor thereof has been in possession, or he and those by whom he claims have been in possession of the same, or taken the rents and profits thereof for the space of one year before such grant, sale or conveyance, is guilty of a misdemeanor. The

proposition here presented by the plaintiff apparently was not urged before the trial court. The plaintiff's action was one to cancel the tax deed as a cloud on plaintiff's title, and Leon Levy, to whom the tax deed was issued, was named as a party defendant. Defendant Henshaw, in his answer, set up his deed from Levy, and plaintiff raised no objection thereto either by his petition, reply, or to its introduction in evidence.

It appears the proposition here and now presented falls within the rule announced in State Nat. Bank v. Lokey, 112 Okla. 82, 240 Pac. 101, where it was said:

"Where a proposition of law is not raised in the trial court either directly or by implication, and no objection or exception made or saved, there is nothing for this court to review, and the question cannot be presented in this court for the first time."

See, also, Goldstandt v. Goldstandt, 102 Okla. 218, 228 Pac. 770; and Polson, Trustee, v. Revard, 104 Okla. 279, 232 Pac. 435.

The case of McGrath v. Rorem, 123 Okla. 163. 252 Pac. 418, involved legal propositions somewhat similar to one here urged, it being alleged that a tax deed was invalid, and that a deed, executed by the grantee named in the tax deed, was champertous as is here contended. It was said in the syllabus of that case:

"In an action where the grantee maintains the action in the name of his grantor to recover real estate from the adverse holder, section 2260, R. L. 1910, as amended by section 1, ch. 170, S. L. 1919, has no application."

In the case of Slyman v. Alexander, 126 Okla. 232, 259 Pac. 224, it was held that a deed, champertous because made in violation of section 1679, C. O. S. 1921, was good as between the parties thereto, and it is further stated in the body of the opinion in referring to such a deed:

"A grantor not in possession, however, may prosecute an action for the benefit of his grantee, or the grantee may prosecute the action in the name of his grantor, or he may associate himself with his grantor in the action. Brady v. McCrory, supra; Gannon v. Johnson, 40 Okla. 695, 140 Pac. 430; Harjo v. Owensby, 66 Okla. 315, 169 Pac. 875; Buell v. U-Par-Har-Har, 60 Okla. 79, 159 Pac. 507."

Under the record we are of the opinion that plaintiff cannot now present the proposition urged, and even if presented and considered, it cannot be sustained.

It is next contended that the court erred in admitting incompetent and immaterial evidence which related to the renting and occupancy of the land involved. The evidence complained of is referred to generally, and is not specifically set out in the brief' except one question and answer; however, we have read and considered the entire testimony of the witness referred to, and find no reversible error in admitting such testimony as was objected to by the plaintiff. The plaintiff cites no authority in support of his contention that incompetent evidence was introduced.

Under the holding and authority in the case of Treese v. Ferguson, supra, and later decisions from this court supporting the same, we are of the opinion that the resale tax deed here involved was not void on its face, and that the evidence and record supports the judgment of the trial court.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

TEEHEE, REID, FOSTER, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.