### CUNNINGHAM v. WEBBER et al.

No. 22612.   March 5, 1935.

Rehearing Denied March 26, 1935.

Roscoe Bell, for plaintiff in error.

Abernathy & Howell, for defendants in error.

BUSBY, J. This action was instituted by J. C. Webber, one of the defendants in error, as plaintiff, against the plaintiff in error, as defendant, for the purpose of canceling a certificate tax deed and a resale tax deed held by the defendant and issued against lots 37 and 38, block 6, Floral Hill addition to Oklahoma City, Okla., alleged to be the property of the plaintiff. W. A. Wise and R. C. Warren were later made parties plaintiff.

It is alleged in the petition of the plaintiff that the deeds are void upon their face for the several reasons stated therein and are clouds against his title.

The defendant filed his answer denying, among other things, that the certificate tax deed or the resale tax deed is void on the face thereof, or in any other manner. The defendant, further answering, alleged that the deeds attacked by the plaintiffs in their petition had been of record for more than two years and that the plaintiffs' cause of action is barred by the statute of limitations.

The trial court found in favor of the plaintiffs and adjudged the tax deeds held by the defendant to be void and canceled them as a cloud upon the title of the plaintiffs.

This action having been instituted by the

alleged owners of the land to cancel tax deeds, including a resale tax deed, their right of action was barred as to each of the deeds within one year after the recording thereof (sec. 12763, O. S. 1931 [sec. 9753, C. O. S. 1921]; Michie v. Haas, 134 Okla. 57, 272 P. 883), unless the deeds are void, in which event the one-year statute will not apply. Campbell v. McGrath, 117 Okla. 126, 245 P. 634; Gulager v. Coon, 93 Okla. 62, 218 P. 701.

In order for the resale tax deed to be subject to attack after the one-year period, it must be void on its face, or void for want of power and authority in the county treasurer to execute and deliver the resale tax deed. The irregularities in failing to comply with the provisions of section 12745, O. S. 1931 (sec. 9735, C. O. S. 1921), and other defects held to be available in the case of Lind v. Stubblefield, 138 Okla. 280, 282 P. 365, which pertained to a certificate tax deed, are not available to the plaintiffs here attacking the resale tax deed, when it was placed of record more than one year prior to the bringing of this action. Massey v. Tucker, 141 Okla. 193, 284 P. 648; Swan v. Kuehner, 157 Okla. 37, 10 P. (2d) 707. The invalidity of the resale tax deed, if such exists, must therefore be determined upon the two propositions of being void on its face or void for want of power and jurisdiction in the county treasurer to execute and deliver the resale tax deed.

This court has held that a resale tax deed is void on its face when it does not show that the property was sold at a time authorized by the statute, and that such a deed is a nullity. Sires v. Parriott et al., 106 Okla. 244, 233 P. 748; Sharum v. Foster, 109 Okla. 218, 235 P. 489.

In Sitton v. Hernstadt, 106 Okla. 140, 233 P. 676, this court held:

"A resale tax deed which shows upon its face that the notice provided in section 9744, Comp. Stats. 1921, was published for less than four consecutive weeks before the date of such resale is void."

In Jackson v. Turner, 107 Okla. 167, 231 P. 290, this court held:

"A statute requiring the publication of a delinquent tax sale notice once a week for four consecutive weeks means 28 days, and a sale of real estate by a county treasurer for delinquent taxes, where notice of such sale has been given for a period less than 28 days prior to such sale, is void, and a tax deed to land so sold is void."

Considering further the resale tax deed,

we find that deed was executed January 28, 1922, and filed for record on April 27, 1922. The petition in this case was filed in the lower court on March 26, 1930; not within the one-year period.

The resale tax deed contains the recital:

"Whereas, the real estate hereinafter described was listed and assessed for taxes in Oklahoma county, state of Oklahoma, and such taxes afterwards became due and delinquent for nonpayment, and such real estate was thereafter advertised for sale by the treasurer of said county, on the first Monday of November, 1918 and 1919 to pay said delinquent taxes, and for want of bidders at said sale the treasurer of said county bid off and purchased said real estate in the name of said county for the amount of taxes, penalties, interest, and costs due and delinquent thereon, and made a note of such bid and purchase upon his sales record in his office, and such real estate has never been redeemed from such sale, and no person has offered to purchase said real estate for the amount of the taxes, penalties, interest and costs due thereon."

That part of the same deed pertaining to the resale of the property contained the recital:

"And, whereas, in pursuance of the statute in such cases made and provided, the treasurer of said county advertised said real estate for resale to the highest bidder for cash for four consecutive weeks next preceding such resale in the Daily Legal News, a newspaper published in said county, and on the day advertised for such resale, to wit: On Monday, the 24th day of November, 19__, at the county treasurer's office in the courthouse at Oklahoma City, Okla., where the taxes by law are required to be paid, and between the hours of one and four o'clock p. m., of that day, said county treasurer offered said real estate for resale at public auction to the highest bidder for cash, and said real estate was accordingly resold to S. J. Sawley, he being the highest bidder for said real estate."

Section 9744, C. O. S. 1921 (12754, O. S. 1931), under which such resale could be made, required that they be made on the fourth Monday in November of each year. Since the deed does not show whether the original sale was on the fourth Monday of November, 1918, or on the fourth Monday of November, 1919, we must consider from the face of the deed both dates in order to ascertain if either date would make a sale legal when sold two years hence on November 24th, the year not being mentioned.

Taking judicial notice of the calendar for the two years 1920 and 1921, and the same

as introduced in evidence, we find that the fourth Monday in November, 1920, was November 22nd and the fourth Monday in November, 1921, was on the 28th of November. Since the deed was executed on January 28, 1922, it is most likely that the resale took place on November 24, 1921, and that would be four days before the earliest date it could be sold. If it was sold at resale on November 24, 1920, it would be two days after the fourth Monday in November, 1920, and the deed fails to show that the sale was commenced on November 22nd and continued from day to day and this particular property was sold on the 24th of November.

In Wilson v. Levy et al., 140 Okla. 74, 282 P. 679, the sale date shown in the deed was the day following the date named by law for such sales, and there being a great number of tracts of land shown in the deed, this court held:

"A resale tax deed, covering several tracts of land, which shows that the sale was commenced on the date provided by statute, is not void on its face for failure to specifically recite that the sale was continued from the first day of the sale until the next succeeding day, at which time the particular tract of land involved was shown to have been sold."

No such presumption can be indulged in here, since the deed does not show on what date the sale began or in what year it was sold at resale. Neither does it show what year it was sold at regular tax sale. Such defect in showing proper notice of sale and showing a positive alleged date of sale is not overcome by the general recital in the deed that "in pursuance of the statute in such cases made and provided, the treasurer of the said county advertised said real estate for resale to the highest bidder for cash for four consecutive weeks next preceding such resale. * * *" We think the resale deed not only fails to show the sale took place on a day authorized by law, but affirmatively shows it took place on a day not authorized by law, and for that reason alone it is void.

In the case of Winters v. Birch, 169 Okla. 237, 36 P. (2d) 907, this court again carefully considered the necessary recitals in a resale tax deed. The holding in the case of Hatchett v. Going, Co. Treas., 121 Okla. 25, 246 P. 1100, was again approved. The resale tax deed in Hatchett v. Going, supra, and Winters v. Birch, supra, both contained recitals naming the date of the original tax sale; that the land had remained unredeemed for two years, and naming the date

and hour of the resale and showing that same was on the date required by law. No such recitals are shown in the deed here considered.

The objections to the deed in the Hatchett v. Going Case were the failure of the resale tax deed to recite the reason for the sale and that it failed to show it was for the nonpayment of taxes assessed against it; and further failed to show a separate certificate of sale was executed to the county for each lot and that each lot was sold separately, and did not disclose that there were no other bidders at the original sale. The holding in that case does not control the facts in the instant case.

The resale tax deed here considered further fails to show that the several lots were sold separately and the price for which each was sold at the original sale.

Considering now the certificate tax deed executed on October 24, 1927, we find that the plaintiffs have attacked the deed on the ground: (a) That it fails to show upon its face the amount for which each lot or parcel of land was sold; and (b) the failure to give proper notice to the owner of the land of intention to apply for a tax deed.

Considering the first contention, we find from the recitals in the deed that the defendant Cunningham presented his certificate of purchase bearing date of November 6, 1922, to the county treasurer, showing the land here considered, together with other lots, was sold to Cunningham "for the sum of three dollars fifty-five cents dollars, being the amount due on the following tract, parcel or lot of land returning delinquent for nonpayment of taxes, costs, and charges for the year 1921, to wit: Lots thirty-five (35) thirty-six (36) block six (6) Floral Hill addition, in Oklahoma county, and state of Oklahoma."

There is nothing in the deed to show the amount of taxes paid for the separate lots when bought at the regular tax sale, nor to show that the lots all belonged to the same party and were assessed and sold together, if such were true.

In Clewell v. Cottle, 99 Okla. 84, 225 P. 946, this court held:

"A tax deed which does not show upon its face the amount for which each tract or parcel of land which it purports to convey was sold, is for that reason void."

To the same effect is the holding of this court in Sires v. Parriott, supra, and Elerick et al. v. Reed, 113 Okla. 195, 240 P. 1045. In Sires v. Parriott, supra, this court held:

"While a number of parcels or tracts of land sold for taxes to the same individual may be included in one tax deed, the deed must, on its face, show affirmatively that the different tracts were sold separately, and also the amount for which each tract was sold."

Considering now the contention relative to the want of notice of intention to apply for a deed, we find that the recital in the deed relative to notice is stated in the alternative. The form of the deed is so arranged as to show notice made personal upon the owner in possession or upon a non-resident by publication, whichever complies with the facts in the particular case. Neither part of the deed was eliminated in order to show which kind of notice was attempted to be given. The matter of notice of intention to apply for a tax deed is a jurisdictional matter in the giving of the county treasurer authority to issue the deed. The deed being a certificate deed, the plaintiffs were not restricted to the face of the deed to prove want of proper notice of intention to apply for a deed, even though the action was not filed within the one-year period after the recording of the deed. Lind v. Stubblefield, supra; Swan v. Kuehner, supra.

The testimony taken on the question of notice of intention to apply for a tax deed shows that the notice given by the defendant was given by publication and was addressed to S. J. Sawley, who had, prior thereto, obtained the resale tax deed hereinbefore considered, the title in which being later quitclaimed to the defendant Cunningham. The return of the service of notice by the sheriff shows that there was no tenant on the property, and that S. J. Sawley could not be found in the county and a copy of the notice was posted on the property. The record further shows that a copy of the notice addressed to Sawley was printed as notice by publication.

The resale tax deed to the property held at that time by Sawley, being void on its face, would not make him such an owner as contemplated in section 12759, O. S. 1931 (section 9749, C. O. S. 1921), upon whom notice of intention to apply for a tax deed could be served. The deed was void and no rights incurred thereunder and no statute was set in motion by the deed. The testimony shows that J. Lloyd Ford was the record owner of the land and upon whom notice could have been served. The provisions concerning the manner of serving notice are mandatory. Farmers Nat. Bank v. Gillis, 155 Okla. 290, 9 P. (2d) 47. If the requisite notice of the expiration of the time allowed for redemption is not given or is given to the wrong person or is radically insufficient, this fault will not be cured by the statute. Lind v. Stubblefield, supra; Wilkinson v. Gibbons, 98 Okla. 93, 224 P. 178.

In Conners v. City of Lowell (Mass.) 95 N. E. 412, that court held:

"One holding under a recorded tax deed, invalid on its face, is not a 'person appearing of record as owner,' within Rev. Laws, c. 12, sec. 15, requiring an assessment to the owner of record; for, when a tax deed fails to convey a title, it fails to convey the rights of the original owner, who remains the only person appearing of record as owner, and a sale founded thereon is void."

The resale tax deed being void upon its face, and the tax deed based upon the tax sale certificate being shown to be void by the record on account of jurisdictional defects which rendered the county treasurer without authority to execute and deliver the same, the owner of the land was not barred by the one-year statute, in either case, in bringing an action to test the validity of the deeds.

Finding no error in the judgment of the trial court, the same is affirmed.

McNEILL, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.