The Town of Sherwood Forest vs. Benedict and others.

---

THE TOWN OF SHERWOOD FOREST vs. BENEDICT and others.

| 48 | 541 |
| 76 | 589 |

*February 10 — February 24, 1880.*

OFFICIAL BOND. *Presumption that officer has done his duty.*

In an action upon the official bond of an overseer of highways, proof that he had not rendered to the town supervisors, "on or before the third Monday of March" in the proper year, a verified account in writing, of the character prescribed by sec. 60, ch. 19, Tay. Stats., would show a breach of the bond; but upon mere proof that he did not render such account *on* said third Monday, the *presumption* would still be that he had rendered it *before* that date.

APPEAL from the Circuit Court for *Clark* County.

Action on the official bond of the defendant *Benedict* as overseer of highways. Upon a special verdict, both parties moved for judgment. The material facts in regard to the verdict are stated in the opinion. Judgment was rendered for the plaintiff; and defendants appealed.

The cause was submitted on the brief of *Ring & Youmans* and *J. M. Morrow* for the appellants, and that of *James O'Neill* for the respondent.

COLE, J. The bond sued on in this case was conditioned for the faithful discharge by the defendant *Benedict* of the duties of the office of overseer of highways for road district No. 1 of the town, and for the proper application and payment of all moneys which should come into his hands as such overseer by virtue of said office, as prescribed by section 25, ch. 19, Tay. Stats. Most certainly one duty imposed upon him as overseer was to render to the supervisors of the town,

on or before the third Monday of March, 1876, an account in writing, verified by affidavit, which should contain the matters specified in section 60 of the same chapter. A failure to render that account would indubitably be a violation of official duty, and amount to a technical breach, at least, of the bond. In the special verdict, the jury found that the defendant *Benedict* did not, on or before the third Monday of March, 1876, nor at any time since then, render to the supervisors this account; and this is the only fact found upon which any default upon his part can be predicated.

Now, after a careful examination of the testimony, we think this finding is entirely unsupported by the evidence. There is ample testimony tending to prove that *Benedict* did not render that account on the third Monday of March, 1876, but nothing whatever to repel the presumption or inference that he had rendered it before that time. Surely, in the absence of all proof upon the point, we cannot presume that he was guilty of a violation of official duty. It is argued in the brief of the learned counsel for the town, that it was conceded at the trial that *Benedict* had never rendered this account; but there is no such concession in the record. On the contrary, one ground relied on in this court for a reversal of the judgment is, that no testimony was offered on the part of the town from which the jury was authorized to find that *Benedict* did not, before the third Monday of March, 1876, render his account to the supervisors, according to law. The burden was upon the town of establishing that fact, and of showing that this account had never been rendered, in order to prove even a technical breach of the bond. For it will be borne in mind that the jury further found that *Benedict* had laid out and expended on the highways in his town all the moneys which he had received as overseer, so that there was no unexpended balance in his hands to pay over to the town treasurer; thus negativing the principal cause of action set forth in the complaint. But judgment was entered for the plaintiff for

nominal damages and costs, because there had been a technical breach of the bond by reason of the failure to render the proper account. But as it does not appear that this account was not rendered before the third Monday of March, 1876 — there being a total absence of proof upon that point,— it is impossible to sustain the judgment even on the ground upon which it was placed. There must, therefore, be a new trial.

It is said that the court below improperly admitted evidence as to the value of the work done by *Benedict* upon the road. But the learned judge said in his charge that this evidence was only important as bearing upon the question whether *Benedict* really did the amount of labor which he claimed to have performed, and that no other effect could be given to it; that he was not limited, in the credit which he should receive, to the actual value of the labor as other people might estimate it, but was entitled to pay at the rate of compensation per diem which the statute allowed. With this restriction as to the effect of the evidence, we are inclined to think there was no error in admitting it for the purpose indicated. But because the verdict is entirely unsustained by evidence upon the question whether the account was not rendered before the third Monday of March, 1876, we must reverse the judgment and order a new trial.

*By the Court.*— Judgment reversed, and new trial awarded.