Green Bay & Mississippi Canal Co. vs. Outagamie County and another.

═══════════════════

GREEN BAY & MISSISSIPPI CANAL COMPANY, Appellant, vs. OUTAGAMIE COUNTY and another, Respondents.

*April 10 — April 29, 1890.*

TAXATION. *(1)* Inequalities in assessment. *(2, 3)* Exemption of property of Turner societies: Constitutional law: Uniformity. *(4, 5)* Church property: Vacant lots.

1. Mere inequalities in the assessment, resulting from honest errors of judgment, do not invalidate a tax.
2. Under ch. 309, Laws of 1883, exempting from taxation the real property of Turner societies "which is used exclusively for educational purposes," it will be presumed that all the real property of such a society which has been omitted from an assessment was so used.
3. The uniformity in the rule of taxation, required by sec. 1, art. VIII, Const., is not violated by the exemption of that whole class of real property.
4. A vacant and unoccupied lot owned by a religious association,

| 76 | 587 |
| 81 | 11 |
| 76 | 587 |
| 82 | 532 |
| 76 | 587 |
| 86 | 195 |
| 76 | 587 |
| 95 | 46 |
| 76 | 587 |
| 96 | 121 |
| 76 | 587 |
| 103 | 159 |
| f104 | 20 |
| 76 | 587 |
| 60 LRA 362n | |

situated at a distance from the lots on which the buildings of the association are located, is not exempt from taxation under subd. 3, sec. 1038, R. S.

5. The intentional omission of such a lot from the assessment, as exempt, vitiates the tax; and it is immaterial that a church was built thereon two years later.

APPEAL from the Circuit Court for *Outagamie* County. The facts are stated in the opinion.

For the appellant there was a brief by *Hooper & Hooper*, and oral argument by *Moses Hooper*.

*John Goodland*, for the respondents.

ORTON, J.    This action is brought to restrain the sale of the plaintiff's lands for the taxes of 1886, on the grounds of their unequal assessment in comparison with other lands, and on account of certain exemptions in that year of taxable property, and certain rebatements of taxes in the year 1887.   The defendants denied the unequal assessment, and admitted the exemptions, but denied their illegality, and admitted the rebatements, but claimed that they did not affect the legality of the taxes assessed the previous year. The circuit court found that the evidence failed to prove the inequality of assessments upon which issue was joined, and that certain property was exempted or omitted as alleged, and that said rebatements were made in 1887 as alleged, and dissolved the preliminary injunction, and rendered judgment dismissing the complaint on the merits. From said judgment this appeal is taken.

1. We are satisfied, from an examination of the testimony, that there were very few, if any, unequal assessments made of the plaintiff's lands for the year 1886, and, if any, they resulted from mere error of judgment and honest opinion that did not affect the groundwork of the tax. *Fifield v. Marinette Co.* 62 Wis. 532; *Webster-Glover L. & M. Co. v. St. Croix Co.* 63 Wis. 647; *Canfield v. Bayfield Co.* 74 Wis. 60.   The honest opinion and judgment of the

assessor and of the board of review must be conclusive, unless the inequalities or overvaluations are shown to be so gross as to be evidence of bad. faith or arbitrary judgment. The assessment of almost any district might be arrested on the same grounds as shown in this case.

2. Lot 10 and the south twenty feet of lot 11, in block 1, in the city of Appleton, and a large Turner hall situated thereon, belonging to the Appleton Turnverein, were omitted from the assessment as being exempt by law. This Turnverein was incorporated by ch. 35, P. & L. Laws of 1869, "for the purpose of teaching and learning gymnastics, and for cultivating and improving-the faculties of the body as well as of the mind by gymnastic exercises, and establishing and sustaining a reading-room and library, and for other similar purposes." If the real property of this association is not exempt by subd. 3, sec. 1038, R. S., as that of a "religious, scientific, literary, or benevolent association," which would seem to be at least doubtful, it is certainly exempt by ch. 309, Laws of 1883, which now stands as subd. 23 of the above section in the annotated statutes, which provides that "all the real and personal property of the Turner societies which are or may be incorporated under the laws of this state, which is used exclusively for educational purposes, is hereby exempted from taxation." It is to be presumed that all the other real property of that association was assessed, and that no more of the lot than is occupied by buildings and used for such educational purposes was omitted. *Mills v. Johnson,* 17 Wis. 598; *Tainter v. Lucas,* 29 Wis. 375; *State ex rel. Willis v. Prince,* 45 Wis. 610; *Sherwood Forest v. Benedict,* 48 Wis. 541. The legislature assumed that the objects of said association are educational. The rule of uniformity of taxation is not broken because that whole class of real property is exempted. *Knowlton v. Rock Co.* 9 Wis. 410.

The rebates of certain taxes in 1887 did not affect the

tax for which the property of the plaintiff was to be sold, and are therefore outside of this case.

The only remaining question is whether lot 2, of block 10, in said city, is exempt from taxation as being used exclusively by the Congregational church as a religious society or association, and necessary for the location and convenience of the buildings of such association. It is to be regretted that this lot was omitted by the assessor, for it must render the whole assessment of the city void for that year. That lot was clearly not exempt, beyond the possibility of a doubt. It is stipulated that in 1886 the Congregational church had its house of worship on lots 2, 3, 4, 5, and 6, in block 5, and that those lots, together with the church building, were exempted from taxation for that year, and that said lot 2, of block 10, was vacant and unoccupied. It is stipulated, further, that between the time of the taking of the testimony herein and the time of the argument of this case the church and society owning the same has built a church edifice on lot 2, block 10. The record being almost totally destitute of dates, it is impossible to determine just when that church edifice was built. The case was referred to take the testimony, October, 1887, and the arguments were made in the fall of 1889. When the testimony was taken we cannot tell from the record, but probably it was some time in 1888 or 1889; so that this lot remained vacant over two years after it was so exempted in 1886. This lot is quite a long distance from the church lots, and in another ward, and had never been used *exclusively* for the purposes of said association or church, for it had never been used at all. It was "vacant and unoccupied." That church might as well have claimed that lot exempt if it had been located in another city, and it could as well have claimed any number of such vacant lots scattered about the city or out of it, as far separated from the church lots and building as this, to be exempt from taxa-

tion.   Such a construction of the statute would exempt all
the real property of any such religious association, how-
ever or wherever situated, without regard to the location
or situation of the lots occupied by the church buildings,
and however distant therefrom.   The record is silent as
to how long this church has owned this lot.   It may have
been bought with a view of having it used and occupied
for a church building some time in the uncertain future,
either by this church or some other church to which it
might be sold.   That could make no difference as to its ex-
emption or taxability under the statute.   Such vague in-
tentions would be a very unsafe criterion of exempting such
vacant and detached lots.   The statute is clear and explicit,
and affords no chance for such a loose and liberal construc-
tion.   The statute is, the real property " owned by any re-
ligious association, *used* exclusively for the *purposes* of such
association, and *necessary* for the *location* and *convenience* of
the *buildings* of such association, and embracing the same,
not exceeding ten acres."   These clauses of subd. 3, sec.
1038, R. S., are thus placed together to show at a glance
how foreign from this statutory exemption is this vacant
and detached lot:   (1) It is not *used* for the purposes —
that is, the legitimate purposes — of this church.   (2)   It
is not *necessary* for the *location* and *convenience* of the *build-
ings* of such church.   (3) There must be buildings on the
property, or they could not be *embraced* in the exemption.
This question is too clear for argument, and the *strict* rule
of construction in favor of taxation need not be invoked.

That a church building was placed on this lot nearly or
quite two years afterwards is foreign to the case.   How
was it in 1886? is the only question.   That building could
not have any such retroactive effect as to make this vacant
lot exempt two years before.   It might be, by a familiar
rule, that if the church had already commenced to build on
the lot, and the building was in progress of completion, it

would be exempt, as if the building was completed. But such is not the case here. It does not appear that this church in 1886 had any intention of building on this lot a church building, or of selling it to another church to build on it, or of using it for church purposes in the near future. This lot was valued at $5,000. This is too important an omission of taxable property to be overlooked. It was omitted intentionally, as exempt property. It goes to the groundwork of the tax in the city of Appleton. It vitiates the tax of the plaintiff, and renders it void. The result, though serious, cannot be avoided, however much it may be regretted. *Weeks v. Milwaukee,* 10 Wis. 242; *Smith v. Smith,* 19 Wis. 615.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.