## MONTANA CATHOLIC MISSIONS, S. J., APPELLANT, *v.* THE COUNTY OF LEWIS AND CLARKE ET AL., RESPONDENTS.

[Argued March 14, 1893.  Decided December 29, 1893.]

TAXATION—*Institutions of public charity—Exemption.*—The intention of an institution of purely public charity, to use certain of its lands for the purpose of erecting buildings for charitable purposes, is not sufficient to exempt such lands from taxation under the constitution (Art. XII, § 2) and the revenue act (Laws, 1891, § 2,) exempting from taxation such property as is used exclusively for institutions of purely public charity.

SAME—*Same—Constitutional and statutory construction.*—Section 2 of article XII of the constitution, and section 2 of the revenue act of 1891, enacted pursuant thereto, exempting from taxation certain property, "and such other property as is used exclusively" for certain societies, "for educational purposes, places of religious worship, hospitals, . . . . and institutions of purely public charity," do not exempt a charitable institution as an association or corporate body, from the payment of taxes, but only such property of the institution as is used exclusively for charitable purposes.

*Appeal from First Judicial District, Lewis and Clarke County.*

Action to enjoin collection of taxes.  Judgment was rendered for the defendants below by HUNT, J.  Affirmed.

Statement of the case by the justice delivering the opinion: This action was brought by the plaintiff against the county of Lewis and Clarke, and the treasurer thereof, praying for a judgment that the assessment of general taxes against certain real estate of plaintiff, and the levy of said taxes, be adjudged to be void, and that the said treasurer be enjoined from selling said property for said taxes.

The plaintiff set up in its complaint that it was an institution of purely public charity, and that it was the owner of certain lands in Lewis and Clarke county, describing them. It is not set up in the complaint that this land is now being used by the plaintiff in any manner.  It is alleged in the complaint that the lands are held for the purpose of erecting buildings for certain purely charitable purposes, unsectarian in character.  Upon these lands the general taxes were assessed and levied by the county of Lewis and Clarke for the year 1892.

The plaintiff claimed before the board of equalization that it was exempt from this taxation, but the board refused to

allow said claim, except as to twenty acres of the tract, above described, upon which is being built an asylum for orphans.

A general demurrer to the complaint was sustained, and judgment thereon entered for defendants. The plaintiff appealed. The appeal brings up for a construction the following provisions of the constitution and laws: "The property of the United States, the state, counties, cities, towns, school districts, municipal corporations, and public libraries, shall be exempt from taxation, and such other property as may be used exclusively for agricultural and horticultural societies, for educational purposes, places for actual religious worship, hospitals, and places of burial, not used or held for private or corporate profit, and institutions of purely public charity, may be exempt from taxation." (Const., art. XII, § 2.)

In pursuance to this provision of the constitution the legislature enacted as follows: "The property of the United States, the state, counties, cities, towns, school districts, municipal corporations, public libraries, and such other property as is used exclusively for agricultural and horticultural societies, for educational purposes, places for actual religious worship, hospitals and places of burial not used or held for private or corporate profit, and institutions of purely public charity, are exempt from taxation; *provided,* no more land than is necessary for said purposes shall be exempt." (Act Concerning Revenue, § 2, p. 73, 2d sess., 1891.)

*T. J. Walsh,* for Appellant.

The plaintiff claims that the word "institution" in the statute and in the constitution is used in its largest and most comprehensive sense to signify, as expressed by Webster, "An established or organized society or corporation . . . . as a literary institution, a charitable institution," as well as in the sense of "a building or the buildings used by such organization, as the Smithsonian Institution." (*Nobles Co.* v. *Hamline University,* 46 Minn. 316.) If the larger primary meaning is given to the word, then the property of plaintiff is exempt from taxation; if the more restricted derivative and recent use alone is to be ascribed to it, then the property is taxable, for no claim of exemption is made for it except under the clause re-

ferred to.   The question is presented in substantially the same light as would be the constitutionality of an act which read that all property of any corporation organized under the laws of this state for purposes of purely public charity shall be exempt from taxation—the property claimed to be exempt being something besides a building.   What is the rule governing the court in the determination of such a question?   It is that any "reasonable doubt must be solved in favor of the legislative action, and the act be sustained." (Cooley on Constitutional Limitations, 87, 182; Sedgwick on Statutory and Constitutional Construction, 409.)   "A constitution is intended for the benefit of the people, and must receive a liberal construction." (Endlich on Interpretation of Statutes, 526.) This expression, "institutions of purely public charity," is found in similar provisions of the constitutions of Ohio and Pennsylvania, and in both of these states has been construed to refer to the corporation or association, and not alone to the building occupied by such. (*Gerke* v. *Purcell*, 25 Ohio St. 229–44; *Donoghue's Appeal*, 86 Pa. St. 306.)   The plaintiff's construction is within the plain purport of the words used, and it violates no canons of grammar or rhetoric; but the defendant makes the framers of the constitution guilty of the grossest tautology.   Hospitals not used or held for private or corporate profit are institutions of purely public charity (*Gerke* v. *Purcell*, 25 Ohio St. 229), using the word "institution" in the sense of a building.   If the word was to be used in that sense in the constitution, the clause should have read, "and other institutions," etc.   The use of the word in the sense contended for by plaintiff in similar statutes is common and much more frequent than in the restricted sense.   Besides in the states before referred to, it is so used in the Iowa statutes. (McLain's Statutes, 1277.)   In California, as will be seen by *San Francisco etc. Soc.* v. *Story*, 32 Cal. 65.   In Massachusetts there is exempt "the personal property of literary, benevolent, charitable, and scientific institutions incorporated within this commonwealth, and the real estate belonging to such institutions occupied by them or their officers for the purpose for which they were incorporated." (Pub. Stats., c. 2, § 5, cl. 3.)   If the contention of defendants is correct, the beneficent provisions

of the first part of the foregoing statute are beyond the reach of the legislature of Montana. (See, also, *Massachusetts Soc. v. Boston,* 142 Mass. 24.) So in Illinois, "all property of institutions of purely public charity when actually used for charitable purposes, not leased or otherwise used with a view to profit," is exempt. (Starr and Curtis' Annotated Statutes, 2027.) In fact, the use of the word in these statutes in the sense of a building or establishment seems to be comparatively rare. If the institution is devoted to charity by the very fundamental law of its existence, and is free from the elements of private or corporate profit, it is an institution of purely public charity, and the fact that tuition fees may be required to make up part of the expense of maintaining the college or school does not deprive it of that character. (*Philadelphia v. Women's Christian Assn.,* 125 Pa. St. 572; *Humphries v. Little Sisters of the Poor,* 29 Ohio. St. 201; *Hennepin County v. Brotherhood of Gethsemane Church,* 27 Minn. 460, 38 Am. Rep. 298.) The plaintiff has devoted the one tract to the purpose of a college or university, the other for a school. It proposes to erect and equip these establishments. This is a charity. These institutions of learning will be at the service of the public generally. That makes them public charities. There is no intention to make either private or corporate profit out of them. That makes them purely public charities. And these enterprises characterize the work for which the plaintiff exists and was incorporated.

*Henri J. Haskell, attorney general,* and *C. B. Nolan,* for Respondent.

By the constitution of Montana certain classes of property are absolutely exempt from taxation, and other enumerated classes may be exempt at the option of the legislature. The constitutional provision regarding taxation has reference to property, as is seen by the language used, and when the tax-gatherer proceeds in his official mission, he taxes, or refrains from taxing, property, and not corporate entities.

The intent of the legislature in the exercise of this taxing power under the constitution is made manifest in the portion of the revenue act applicable, and in view of appellant's con-

tention, the following language is suggestive "*provided,* no more land than is necessary for said purposes shall be exempt." In this instance it cannot be contended that the land in question is used exclusively for the purposes for which the society was incorporated, for the admission is made that it is not used at all; there is simply an expressed intention to erect establishments thereon in the near future; but it is the use, and not the ownership, that would entitle it to exemption. The intention to exempt property from taxation must be expressed in clear, unambiguous terms; taxation is the rule, and exemption is the exception. (Cooley on Taxation, 146, and authorities cited in note 1; Desty on Taxation, 110, 118.)

Exempting clauses similar to ours are incorporated in nearly all the state constitutions, and the courts invariably hold that some actual appropriation of the land for the purposes intended must be shown in order to exempt it from taxation, and the intent to so appropriate it at some indefinite time in the future is not sufficient. (*Ramsey Co.* v. *Church of Good Shepherd,* 45 Minn. 229; *Green Bay etc. Canal Co.* v. *Outagamie County,* 76 Wis. 587; *People* v. *O'Brien,* 53 Hun, 580; *Mullen* v. *Commissioners,* 85 Pa. St. 288; 27 Am. Rep. 650; *Detroit Young Men's Society* v. *Mayor,* 3 Mich. 172; *Mulroy* v. *Churchman,* 60 Iowa, 717; *Northwestern University* v. *People,* 80 Ill. 333; 22 Am. Rep. 187; *The Vermont,* 6 Ben. 115; *Redemptorist Fathers* v. *Boston,* 129 Mass. 178; *Morris* v. *Lone Star Chapter,* 68 Tex. 698; *Trustees* v. *Bohler,* 80 Ga. 159; *Washburn College* v. *Commissioners,* 8 Kan. 344.)

De Witt, J.—The contention of appellant is, that section 2 of article XII of the constitution and section 2 of the revenue act of 1891 exempt from taxation the real estate described in its complaint. It is fully conceded by the complaint that the real estate is not used by the plaintiff exclusively, or at all, for an institution of purely public charity. It is alleged that it is intended to be so used. For the purposes of this decision it may be considered that the plaintiff is an institution of purely public charity.

It is observed that the section of the constitution cited describes two classes of property. We will notice the distinc-

tion as to these two classes: 1. It names the United States, the state, counties, cities, towns, school districts, municipal corporations, and public libraries. It is not left to the legislature to say whether or not the property of these institutions shall be exempt. The constitution, in itself, settles that it shall be. Nor is the test of exclusive use mentioned. The constitution says, simply, "the property" of these institutions shall be exempt.

Then the section of the constitution advances to another class of property, and describes it as "property as may be used exclusively for" certain purposes, and defines the purposes, and among them names "institutions of purely public charity." This class of property is not exempt from taxation, under the constitution, but may be made so by the legislature. The legislature has acted. (Revenue Act, 1891, § 2.) It has therein declared to be exempt property as is used exclusively for the purposes mentioned in the section of the constitution, *supra,* and redescribes those purposes in the exact language of the constitution, making only the appropriate changes in the mood of the verbs. So, with the constitution and the law together, we have this condition: Property of certain entities, as the state, cities, etc., is exempt; and property exclusively used for certain purposes is exempt. The property in question falls within the second class, as the plaintiff is not one of the institutions mentioned in the first class, as the state or a city, etc., but is an "institution of purely public charity." And, we find from the complaint, that the property is not used exclusively, or at all, by such "institution of purely public charity." The most that the complaint alleges is that the property is intended to be so used. Such intention is not sufficient to constitute the use contemplated by the constitution and the law. (*Green Bay etc. Co.* v. *Outagamie County,* 76 Wis. 587.)

In Pennsylvania the court went further than we do, or need to, and held that the exemption would not apply to premises on which a church was in process of erection. (*Mullen* v. *Commissioners,* 85 Pa. St. 288; 27 Am. Rep. 650.) How much stronger against the appellant is the fact, that in its case, there is not even a commencement of the alleged intended use.

(See, also, *Detroit Y. M. Soc.* v. *Mayor*, 3 Mich. 172; *Mulroy* v. *Churchman*, 60 Iowa, 717; *Redemptorist Fathers* v. *Boston*, 129 Mass. 178; *Washburn College* v. *Commissioners*, 8 Kan. 344.)

We are therefore clearly of the opinion that, as the property in question is not at all used for an "institution of purely public charity," it is not exempt from taxation.

This must be held unless a construction of the constitution, and the law, which appellant urges, and which we will now examine, is to be adopted. It contends that the language does not mean that *the property* used by such institution shall be exempt, but rather that the institution as such as an association or corporation shall be exempt from paying taxes on its property. The conclusion would be that such institution is exempt from paying taxes upon any of its property. Appellant contends that the word "institution," used in the statute, means the association, the corporation or the concern, whatever it may be. Concede that such is the meaning. Still we are of opinion that the section is describing property that is, or may be, exempt, and not the institution which is the owner of property.

The whole sense of the section is, that it describes property; the property of the United States; the property of the state, of cities, etc.; property used exclusively for——, for what? For the following purposes, then setting forth the purposes. The word "for" is not repeated before each described purpose, nor does grammatical construction or perspicuity require it. Its sense is carried over to each mentioned purpose. The intention is just as clear that the section means "*used exclusively for* institutions of purely public charity," as it is that it means "used exclusively for agricultural societies." We adhere to the view that the language intends to describe the property used, and not the concern using it, as being exempt. This view is in accord with the grammatical construction of the language, with the context of the section, and the general intent expressed therein.

To adopt appellant's construction would be to hold that if an institution were simply of the character described in the constitution and law, that, as far as the revenue laws are concerned, it might hold exempt from taxation all property of

any character, and of any amount in value, whether it used such property exclusively, or at all, for purely public charity.

Against this view are the decided cases *supra*, reason, the context of section 2 of article XII, and the spirit of the constitution on the subject of taxation. That instrument provides: "All property shall be assessed in the manner prescribed by law, except as otherwise provided in this constitution." (Art. XII, § 16.) So appellant seeks to bring itself within an exception to the constitutional rule that "all property shall be assessed."

Upon this subject Mr. Justice Brewer, as a member of the supreme court of Kansas, appropriately remarked: "All property receives protection from the state. Every man is secured in the enjoyments of his own, no matter to what use he devotes it. This security and protection carry with them the corresponding obligation to support. It is an obligation which rests equally upon all. It may require military service in time of war, or civil service in time of peace. It always requires pecuniary support. This is taxation. The obligation to pay taxes is coextensive with the protection received. An exemption from taxation is a release from this obligation. It is the receiving of protection without contributing to the support of the authority which protects. It is an exception to a rule, and is justified and upheld upon the theory of peculiar benefits received by the state from the property exempted. Nevertheless, it is an exception; and they who claim under an exception must show themselves within its terms." (*Washburn College* v. *Commissioners*, 8 Kan. 344.)

Appellant herein seeks to bring itself within the exception by a strained and unnatural construction of the constitution, as above shown. The district court held against it, in which that court was correct. Its judgment is therefore affirmed.

*Affirmed.*

Pemberton, C. J., concurs.

Harwood, J. (*concurring*).—I concur in the foregoing conclusion on the ground that the legislature, in exercising the power delegated to it by the constitution of providing, among other things, exemption from taxation of property "used exclusively" for "institutions of purely public charity,"

has especially provided, as to *exemption of land,* that "no more land than is necessary for said purpose shall be exempt." The contention involved in this case relates entirely to the question of exempting land, and it seems clear to me, under the provisions of the law, that land, although held by such institutions, but not in use for the purposes of such charity, cannot claim exemption from taxation. It will be noticed that the legislature made the clause above quoted relate specifically to *land,* and the observations in the treatment of this case must be confined to the question of exemption of that character of property; and broader implications, as governing the construction of the provisions respecting other classes of property, should not be indulged to determine future cases involving the question of exemption of other classes of property held by such institutions, dedicated irrevocably to the use upon which the exemption is declared, although not actually converted into active use at the moment it was sought to be taxed.