DAVIS et al. v. MORGAN, Ex'r.

*95 P. 2d 856.*

No. 29106.   Nov. 7, 1939.

R. L. Lawrence and A. J. Morris, both of Anadarko, for plaintiffs in error.

Ted Morgan, of Anadarko, for defendant in error.

DAVISON, J.   The question to be determined in this case is: Can an heir owning an undivided interest in land acquired by inheritance and being in possession of the land by agreement with the administrator of the estate of the person from whom he inherited, claim an exemption homestead interest in such land while the decedent's estate is in the process of administration?

The question is presented by the following situation:

Lula Davis died intestate November 7, 1936, and left no surviving spouse or children. At the time of her death, she was the owner of an 80-acre tract of land situated in Caddo county, Okla. She left surviving her 10 heirs, of whom Joe Davis, brother of the deceased, is one. Joe Davis is the head of a family. He has a wife and children. He was living on the land at the time of the death of his sister and has continued to live there since that date. In connection with his occupancy, he has, since the death of his sister, entered into a rental contract with the administrator of her estate. There are two houses on the tract of land, and Will Davis, another of the heirs, occupied the other house.

On the 19th day of February, 1937, Merrill C. Morgan, as executor of the estate of Henry W. Morgan, deceased, procured a judgment against Joe Davis in the district court of Caddo county for the sum of $1,120, with interest at the rate of 10 per cent. per annum from November 10, 1936, and attorney's fee of $100.   On July 13, 1938, an execution was issued to the sheriff of Caddo county to enforce the collection of the judgment, and the sheriff on the 16th day of the same month levied upon the undivided interest of Joe Davis in and to the land above referred to. Thereafter, Joe Davis filed a motion to recall the execution and a petition for injunctive relief to prevent

the sale of the property. Both the motion and the petition were predicated upon the theory that the undivided interest of Joe Davis in the land constituted his homestead and was therefore exempt from forced sale or execution. The two proceedings were tried together, resulting in a judgment favorable to the judgment creditor and denying the existence of the alleged homestead interest of Joe Davis. As a part of the same decision, the trial tribunal entered judgment against Joe Davis, as principal, and Will Davis and C. L. Cummins, as sureties, on a bond previously given to procure a temporary injunction to prevent the sale. The amount of the judgment on the bond was $24, representing cost of publication notice accrued under the execution.

Joe Davis, Will Davis, and C. L. Cummins present the case on appeal, appearing herein as plaintiffs in error.

The judgment creditor contends and the trial court held that since by section 1193, O. S. 1931 (58 Okla. Stat. Ann. § 251), the administrator of an estate is authorized and required to "take into his possession all of the estate of the decedent, real and personal, except the homestead and personal property not assets," that the interest of an heir in the real estate is a vested future estate not susceptible of immediate occupancy and therefore insufficient to support a homestead interest even though the heir is actually occupying the premises as a tenant of the administrator.

In support of the position, the judgment creditor calls our attention to a number of decisions from other jurisdictions which may be said to support the view; however, upon consideration of the previous decisions of this court and authorities therein cited with approval, we are compelled to hold otherwise.

The property of one who dies intestate passes to the heirs subject to the control of the county court and to the possession of the administrator appointed to administer the estate. Section 1615, O. S. 1931 (84 Okla. Stat. Ann. § 212). The vesting of the title in the heirs is immediate (Seal v. Banes, 168 Okla. 550, 35 P. 2 704) and the interest acquired when there is more than one heir is an undivided interest in the whole. In Hein et al. v. Wahl, 170 Okla. 402, 40 P. 2d 683, we held that such an undivided interest belonging to an heir was, after administration, a sufficient estate to become a homestead. It was also decided in that case that the payment of rent by the one who claims his undivided interest as a homestead is not inconsistent with the claim of exemption. The application of the doctrine of Hein v. Wahl, supra, to the case at bar leaves but one question open for consideration, namely: Is the statutory right of possession of the administrator inconsistent with the homestead claim of an heir who is actually in possession?

In Lehman et al. v. Tucker, 176 Okla. 286, 55 P. 2d 62, we had before us a question which by analogy is precisely in point. In that case the individuals (husband and wife) who claimed a homestead interest were the owners of a vested undivided interest subject to a life estate in another. The homestead claimants were in possession by agreement with the owner of the life estate. Their estate was one in remainder. Their claim to an exemption homestead was approved. We said in paragraph three of the syllabus:

"Homestead rights may attach to any interest in real estate which constitutes the dwelling place of the family, and where, subject to a life estate, there is a present vested fee title subject to the life tenant's rights, including the right to collect rent."

See, also, Grattan v. Trego, 225 F. 705, cited with approval in the Lehman Case, supra.

The position occupied by the life tenant in the cited case is in this case occupied by the administrator. The administrator's right of possession is no more complete than that of a life tenant. Such distinctions as may be said to exist between the possessory rights of an administrator and a life tenant are favorable to the plaintiffs in error herein. For, while

the possessory rights of a life tenant such as was before the court in the Lehman Case are necessarily exclusive, if asserted, the possessory rights of an administrator are in many respects for and on behalf of the heirs and in harmony with their claims. Section 1217, O. S. 1931 (58 Okla. Stat. Ann. § 290), and section 1218, O. S. 1931 (58 Okla. Stat. Ann. § 291). Adversity of interest between the administrator and the heirs may, of course, arise when the interests of heirs and creditors clash (Seal et al. v. Banes et al., supra), but no such adversity of interest is herein shown to exist and it does not appear that an administrative proceeding to sell the property to pay debts of the deceased has been instituted. The analogy is complete and the cited case is controlling.

We therefore conclude that an heir in possession of real estate in which he owns an undivided interest may assert that the same constitutes his homestead even though the estate of the person from whom he inherited is in the process of administration.

We express no opinion on the soundness of such a claim if made by an heir not in possession.

The judgment of the trial court is reversed and remanded.

BAYLESS, C. J., and GIBSON, HURST, and DANNER, JJ., concur.